LEMMON, Justice,
dissenting from reversal of the sentence.
I disagree that the prior conviction cannot be used for enhancement purposes on the basis of the present record.[1]
The record, consisting of the minute entry and the corroborating testimony of the prosecutor who handled the prior conviction, shows that the trial court advised defendant of his right to counsel and to court-appointed counsel, if desired; that the trial court, at defendant’s request, appointed an attorney to represent defendant; that the trial court, upon granting defendant’s request to discharge his initially-appointed counsel, again advised defendant of his right to court-appointed counsel, which he rejected; that the trial court then offered to order the initially-appointed attorney to be available for consultation at trial, which defendant also rejected; that the trial court on the day of trial again advised defendant of his right to court-appointed counsel, which defendant waived; and that the court then appointed another attorney to sit with defendant throughout trial and to advise him. The record further shows that defendant had made at least 50 appearances in criminal proceedings in that parish and was thoroughly familiar with court procedures.
While I agree that trial judges should determine that a defendant’s exercise of his right to represent himself is based on an intelligent decision, which includes an awareness of the “dangers of self-representation”, invalidity of the conviction is not necessarily required when the record does not contain a colloquy which reveals the basis for this determination, especially when the conviction is not attacked until the state seeks to use it for multiple offender purposes. The totality of circumstances should be considered in each case.
The record establishes that defendant knowingly and intelligently waived his right to court-appointed counsel.[2] The present record also establishes, in my opinion, that the trial court adequately insured that defendant’s decision to represent himself was voluntarily and knowingly made and that the trial court adequately protected defendant’s right to a fair trial.
I would therefore affirm the sentence on the basis that defendant was proved to be a third offender.

. Presumably, the remand will allow both sides to present additional evidence on the issue of whether the trial judge adequately informed defendant of the dangers of representing himself, as well as any other evidence bearing on the knowing nature of his decision to do so.

. He also has no complaint that his right to represent himself was violated, as in Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), because the trial court granted his request to represent himself.